UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

SHAKARLA LAVETTE ROUNDTREE )

        Plaintiff      )

      v.                 )      Case No.

TRANSUNION LLC       )

        Defendant    )      COMPLAINT

Fair Credit Reporting Act
(15 U.S.C § 1681 et sq.)

FILED BY _____ mee _____ D.C.
May 1, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

Plaintiff alleges that at all times material:    Demand for Jury Trial

## COMPLAINT

Plaintiff **SHAKARLA LAVETTE ROUNDTREE** ("Plaintiff"), pro se, and as for her Complaint against Defendant **TRANSUNION LLC**, respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p et seq.

2. The venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from Defendant's violations of 15 U.S.C. § 1681 et seq., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff **SHAKARLA LAVETTE ROUNDTREE** (**"Plaintiff"**) is a natural person residing at 805 NE 2ND CT BOYNTON BEACH, FL 33435 in the State of Florida as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).

5. **TRANSUNION LLC ("Transunion")** is a consumer credit reporting agency based at 555 W Adams St, Chicago, IL 60661, United States that regularly collects and maintains credit information on individuals and businesses, including credit history, payment patterns, and other financial data and is a "**Consumer reporting agency**" as defined by the FCRA at 15 U.S.C. § 1681a(f).

6. Upon information and belief, Defendant is an entity which, for monetary fees, dues, or subscriptions, regularly engages, in whole or in part, in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, bearing on a consumer's credit worthiness, credit standing, or credit capacity and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

## FACTS

7. Plaintiff, a consumer, called on Defendant (a consumer reporting agency) on **4/26/24** and disputed the incompleteness and discrepancies of multiple trade lines appearing in Plaintiff's credit report prepared, maintained, and published by Defendant.

8. On or about 26 April 2024, Plaintiff sent a detailed letter disputing the accuracy of their credit report concerning Defendant. The report contained false and derogatory remarks against the account attributed to him. Plaintiff disputed the incompleteness and

discrepancies of the respective trade line appearing in Plaintiff's credit report prepared, maintained, and published by Defendant such as: -

    a. **CITI** – A/c - **54241813*****/Date Opened - **03/26/2022** /Account Type - **Credit Card** /Account Status - "*Derogatory*";

    b. **CAPITAL ONE** – A/c - **51780592*****/Date Opened - **08/24/2017** /Account Type - **Credit Card** /Account Status - "*Derogatory*";

    c. **UPSTART NETW** – A/c - **L289*****/Date Opened - **04/05/2022** /Account Type - **Unsecured loan** /Account Status - "*Derogatory*";

    d. **SENTRY CREDT (Original Creditor: 09 HARBOUR PINES APARTMENTS)**– A/c - **DLO6*****/Date Opened - **12/06/2022** /Account Type - **Collection** /Account Status - "*Derogatory*";

    e. **CAINE WEINER (Original Creditor: 06 PROGRESSIVE)**– A/c - **2116*****/Date Opened - **10/02/2023** /Account Type - **Collection** /Account Status - "*Derogatory*";

    f. **I C SYSTEM (Original Creditor: 11 COMCAST XFINITY)**– A/c - **15971*****/Date Opened - **11/17/2023** /Account Type - **Collection** /Account Status - "*Derogatory*";

    g. **SYNCB/PPC**– A/c - **604419104928*****/Date Opened - **12/23/2021** /Account Type - **Credit Card** /Account Status - "*Derogatory*";

    h. **ALLY FINCL**– A/c - **22794760*****/Date Opened - **03/29/2020** /Account Type - **Auto Loan** /Account Status - "*Derogatory*";

9. The Defendant, as an agency, herein failed: -
    a. to perform what a consumer reporting agency is required to furnish under circumstances mentioned in **15 U.S.C. § 1681b** to furnish accurate credit reports.
    b. to update financial and credit reports
    c. to maintain the proper standard of giving credit reports
    d. provided inaccurate financial and credit information which is a direct violation of **15 U.S.C. § 1681e (b) i.e., Accuracy of the report**

e.  committed actions, errors and poorly maintained files amounting to serious negligence in violation of federal laws, especially under 15 U.S.C. § 1681. As a result, the aggrieved Plaintiff was unable to acquire favorable funding, having denied it due to inaccurate and grossly contradicting respective trade line, information which caused or likely to have caused substantial loss and injury.

10. Defendant failed to follow reasonable procedures to ensure the maximum possible accuracy in Plaintiff's credit report. As a procedure to assure maximum possible accuracy Defendant negligently and/or willfully failed to contact Plaintiff regarding information, it intends to place in a consumer report concerning Plaintiff.

11. Despite the above-mentioned dispute letter, Defendant negligently and/or willfully failed to reasonably investigate the information disputed within 30 days of receipt of Plaintiff's dispute and/or provide Plaintiff with the result and or findings of the investigation.

12. Upon receiving Plaintiff's dispute, Defendant negligently and/or willfully failed to delete or modify the inaccurate and/or incomplete information identified in the consumer report prepared, maintained and published by Defendant concerning Plaintiff. Defendant did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably investigate the disputed information as required under the FCRA.

13. As a result of the conduct of the Defendant as alleged above plaintiff suffered severe ongoing emotional harm including and not limited to frustration, stress, anxiety, worry, damage to reputation, and economic losses including and not limited to damage to their credit, lower credit scores, and lost opportunities to receive credit, in amounts to be decided by the jury at trial, and plaintiffs incurred attorney fees and costs.

## FIRST CLAIM FOR RELIEF
## (15 U.S.C. § 1681n)

14. Plaintiffs re-allege paragraphs 1-13 as if fully set forth herein.

15. Defendant *willfully* failed to comply with the requirements imposed under the FCRA, 15 U.S.C § 1681 et seq., including but not limited to
    a. Failing to follow reasonable procedures to assure maximum possible accuracy of the information in the consumer report, as required by 15 U.S.C § 1681e(b);
    b. Failing to comply with the reinvestigation requirements in 15 U.S.C §1681i;
    c. Providing the plaintiff's credit file to companies without determining that these companies had a permissible purpose to obtain the plaintiff's credit file pursuant to U.S.C §1681b;

16. As a result of Defendant's violations of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

17. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

18. Plaintiff is entitled to actual damages in an amount to be determined by the jury in addition to any statutory damages in an amount to be determined by the Court.

19. Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C §1681n(a)

## SECOND CLAIM FOR RELIEF
## (15 U.S.C. § 1681o)

20. Plaintiff re-allege paragraphs 1-13 as if fully set forth herein.

21. Defendant *negligently* failed to comply with the requirements imposed under the FCRA, including but not limited to:
    a. Failing to follow reasonable procedures to assure maximum possible accuracy of the information in the consumer report, as required by 15 U.S.C §1681e(b);
    b. Failing to comply with the reinvestigation requirements in 15 U.S.C §1681i;
    c. Providing the plaintiff's credit files to companies without determining that these companies had a permissible purpose to obtain the plaintiff's credit file pursuant to U.S.C§1681b;

22. As a result of Defendant's violations of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

23. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

24. Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C §1681o(a).

## **PRAYER**

Plaintiff demands a jury trial on all claims. Wherefore Plaintiff
SHAKARLA **LAVETTE ROUNDTREE** prays for a judgment as follows:

1. On Plaintiffs First Claim for Relief for *willful* violations of the FCRA against Defendant Experian INC:
    a. Actual damages in an amount to be determined by the jury;
    b. Punitive damages in an amount to be determined by the jury; and,
    c. Statutory damages as determined by the court; and

   d. Attorney fees and costs.

2. On Plaintiff's Second Claim for Relief for *negligent* violations of the FCRA against Defendant Experian INC:

   a. Actual damages in an amount to be determined by the jury;

   b. Attorney fees and costs.

3. On All Claims for Relief, costs and expenses incurred in this action.

DATED: April 30, 2024
STATE OF FLORIDA
PALM BEACH COUNTY


I, **SHAKARLA LAVETTE ROUNDTREE**, swear that the foregoing is a just and true statement of the amount owing by Defendant to Plaintiff, exclusive of all set-offs and just grounds of defense.

By affixing this electronic verification, oath, or affidavit to the pleading submitted to the court and attaching my electronic signature hereon, I do hereby swear or affirm that the statements set forth in the above pleading are true and correct.

*/s/ Roundtree*
SHAKARLA LAVETTE ROUNDTREE
NE 2ND CT
BOYNTON BEACH,
FL 33435

Plaintiff (*pro se*)

Email:shakarlaroundtree@yahoo.com

**CERTIFICATE OF SERVICE**

I certify or affirm that on this date I served Defendant with a courtesy copy of the foregoing Amended Complaint via electronic email and U.S.P.S. regular mail with sufficient postage thereon to Defendant's following address:

**TRANSUNION LLC**

555 W Adams St

Chicago, IL 60661

United States

Dated: April 30, 2024

Respectfully submitted,

**SHAKARLA LAVETTE ROUNDTREE**